**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LAWRENCE W. BRADY<br>1896 Glady Road<br>Fayetteville, OH 45118<br><br>    Plaintiff,<br><br>v.<br><br>WS PACKAGING GROUP, INC.<br>C/O CT Corporation System<br>301 S. Bedford Street, Suite 1<br>Madison, WI 53703<br><br>    and<br><br>MULTI-COLOR CORPORATION<br>C/O CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>    Defendants. | Case No. 1:20-cv-053<br><br>Judge _____<br><br><br><br>**COMPLAINT WITH JURY DEMAND<br>ENDORSED HEREON** |

Plaintiff Lawrence W. Brady, complaining of Defendants WS Packaging Group, Inc. and Multi-Color Corporation, states as follows:

**PARTIES**

1. Plaintiff Lawrence W. Brady is a resident and citizen of the State of Ohio.

2. Defendant WS Packaging Group, Inc. is a Delaware corporation which conducts business in Ohio in this division and district. WS Packaging Group, Inc. is an employer within the meaning of state and federal law.

3. Defendant Multi-Color Corporation is an Ohio corporation which conducts business in Ohio in this division and district. Multi-Color Corporation is an employer with the meaning of state and federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under laws of the United States. Plaintiff's Counts I, III and V arise from the Americans with Disabilities Act, as amended ("ADAAA"), 42. U.S.C. § 12101 *et seq.* Plaintiff's Count VII arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Plaintiff's Count VIIII arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* This Court has supplemental jurisdiction over the remaining Counts pursuant to 28 U.S.C. § 1367 because they arise out of the same set of operative facts as those relevant to Counts I, III, V, VII and VIIII so as to make them part of the same controversy.

5. Venue is proper is the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to these claims occurred in the Southern District of Ohio, Western Division.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") under its worksharing agreement with the Ohio Civil Rights Commission. He filed that Charge on or about October 16, 2019, less than 180 days after being notified of his termination on September 19, 2019. The EEOC issued a Notice of Right to Sue on October 22, 2019 and this Complaint is filed within 90 days of receipt of the Notice.

## FACTUAL ALLEGATIONS

7. Plaintiff was born in 1951 and suffers from a real and perceived disability.

8. Plaintiff became employed with WS Packaging Group, Inc. (a predecessor of Multi-Color Corporation) in 2004.

9. Plaintiff most recently held the position of Graphic Artist Specialist in the Art Department.

10. Plaintiff was fully qualified for his position and has a history of strong performance throughout his tenure.

11. Plaintiff was diagnosed with Colon Cancer, Non-Hodgkin's Lymphoma and Prostate Cancer in 2019.

12. Plaintiff availed himself of a FMLA protected medical leave of absence for treatment related to his cancer diagnoses.

13. Plaintiff maintained communication with his immediate supervisor and Human Resources throughout his leave.

14. Management advised Plaintiff that Defendants were holding Plaintiff's job for him pending his release to return to work.

15. On September 13, 2019, Plaintiff spoke with HR regarding his anticipated return to work date.

16. Plaintiff advised HR that he had a doctor's appointment on September 18, 2019, and expected to receive a release to return to work at that appointment.

17. On September 18, 2019, Plaintiff received a release from his physician to return to work on September 30, 2019.

18. Plaintiff hand delivered the medical release to his supervisor that afternoon.

19. On the following day, September 19, 2019, Plaintiff received a phone call from Defendants advising Plaintiff that he was terminated due to exhausting his leave.

20. Plaintiff received a letter dated September 19, 2019, advising him that he was terminated effective September 13, 2019, due to a "failure to return from leave."

21. Prior to Plaintiff's termination, Defendants were on notice that Plaintiff had been released to return to work as of September 30, 2019, a mere 10 days later.

22. Defendants took no action to engage in the interactive process with Plaintiff required by the ADAAA.

## COUNT I

### (Failure to Accommodate – ADAAA)

23. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24. Plaintiff is a qualified individual with a disability and/or has a record of a disability, as defined by federal law.

25. Plaintiff requested a reasonable accommodation.

26. Defendants unlawfully refused to accommodate Plaintiff, and instead terminated his employment in violation of the ADAAA.

27. Defendants' conduct was malicious and in conscious disregard for Plaintiff's rights.

28. As a direct result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT II

### (Failure to Accommodate – O.R.C. Chapter 4112.02(A))

29. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

30. Plaintiff is a qualified individual with a disability and/or has a record of a disability, as defined by state law.

31. Plaintiff requested a reasonable accommodation.

32. Defendants unlawfully refused to accommodate Plaintiff, and instead terminated his employment in violation of Ohio Revised Code Chapter 4112.02(A).

33. Defendants' conduct was malicious and in conscious disregard for Plaintiff's rights.

34. As a direct result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT III

### (Disability Discrimination – ADAAA)

35. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

36. Plaintiff is a qualified individual with a disability and/or has a record of a disability, as defined by federal law.

37. Defendants discriminated against Plaintiff on the basis of his disability or record of disability or perceived disability by treating him less favorably than non-disabled individuals and terminating his employment in violation of the ADAAA.

38. Defendants' conduct was malicious and in conscious disregard for Plaintiff's rights.

39. As a direct result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT IV

### (Disability Discrimination – O.R.C. Chapter 4112.02(A))

40. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

41. Plaintiff is a qualified individual with a disability and/or has a record of a disability, as defined by state law.

42. Defendants discriminated against Plaintiff on the basis of his disability or record of disability or perceived disability by treating him less favorably than non-disabled individuals and terminating his employment in violation of Ohio Revised Code Chapter 4112.02(A).

43. Defendants' conduct was malicious and in conscious disregard for Plaintiff's rights.

44. As a direct result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT V

### (Retaliation – ADAAA)

45. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

46. Plaintiff availed himself of a protected medical leave of absence which was a reasonable accommodation for treatment related to his cancer diagnoses.

47. Defendants intentionally, willfully, and wantonly retaliated against Plaintiff after he engaged in protected activity, including but not limited to, terminating Plaintiff's employment.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT VI

### (Retaliation – O.R.C. Chapter 4112)

49. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

50. Plaintiff availed himself of a protected medical leave of absence which was a reasonable accommodation for treatment related to his cancer diagnoses.

51. Defendants intentionally, willfully, and wantonly retaliated against Plaintiff after he engaged in protected activity, including but not limited to, terminating Plaintiff's employment in violation of O.R.C. Chapter 4412.

52. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT VII

### (Age Discrimination – ADEA)

53. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

54. Plaintiff is over 40 years old.

55. Plaintiff was fully qualified for his position at all relevant times.

56. Defendants' conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, significantly younger employees and terminating his employment on account of his age in violation of the ADEA.

57. Defendants conduct was malicious and in conscious disregard for Plaintiff's rights.

58. As a direct result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT VIII

### (Age Discrimination – O.R.C. Chapter 4112)

59. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

60. Plaintiff is over 40 years old.

61. Plaintiff was fully qualified for his position at all relevant times.

7

62. Defendants' conduct in discriminating against Plaintiff includes, but is not limited to, treating him less favorably than similarly situated, significantly younger employees and terminating his employment on account of his age in violation of O.R.C. Chapter 4112.

63. Defendants conduct was malicious and in conscious disregard for Plaintiff's rights.

64. As a direct result of Defendants' misconduct, Plaintiff has suffered damages and is entitled to judgment and compensation.

## COUNT IX

### (FMLA Retaliation)

65. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

66. Plaintiff suffered from a serious health condition as defined under the FMLA.

67. Plaintiff exercised his rights by requesting medical leave.

68. Defendants terminated Plaintiff's employment in retaliation for Plaintiff exercising his FMLA rights.

69. As a result of Defendants' willful violation of the FMLA, Plaintiff has suffered damages and is entitled to relief.

WHEREFORE, Plaintiff Lawrence W. Brady prays for the following relief:

    A.    That Defendants be enjoined from further unlawful conduct as described in the Complaint;

    B.    That Plaintiff be reinstated in his employment;

    C.    That Plaintiff be awarded all lost pay and benefits;

    D.    That Plaintiff be awarded compensatory damages;

    E.    That Plaintiff be awarded punitive damages;

    F.    That Plaintiff be awarded liquidated damages;

    G.    That Plaintiff be awarded pre-judgment and post-judgment interest;

    H.    That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

    I.    That Plaintiff be awarded reasonable attorneys' fees and costs;

    J.    That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Kelly Mulloy Myers
Kelly Mulloy Myers (0065698)
Trial Attorney for Plaintiff
FREKING MYERS & REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
PH: 513-721-1975/Fax: 513-651-2570
*kmyers@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Kelly Mulloy Myers